JOHN W. STONE *v.* HALES & MOSS, ETC.

**Exemptions—Construction of Statute.**

The court will give a liberal construction to statutory provisions relating to exemption of property for the benefit of housekeepers.

**Exemptions—Property Exempt.**

Under the exemption law relating to bread stuffs and animal food, tobacco is not exempt as an article of food.

APPEAL FROM HICKMAN CIRCUIT COURT.

September 20, 1873.

OPINION BY JUDGE PRYOR:

This court is disposed to give a liberal interpretation to the language used in the statute with reference to the exemption of property for the benefit of housekeepers from sale under execution.

We think the meaning of the statute is plain. If there is not a sufficiency of breadstuffs and animal food, then so much of the livestock suitable for animal food, or so much of the growing crop suitable for breadstuffs, as may be necessary to supply the deficiency will be exempt. In order to exempt the tobacco from sale, we would have to adjudge that it could be used as a substitute for bread, and whilst the chewing of it may be regarded as a luxury by some, it

was never contemplated by the lawmakers that the wife and children should or could subsist by its use.

Judgment *affirmed*.

*Silvertooth & Son, for appellants.*

*E. J. Bullock, for appellees.*